CAMPBELL, Acting Chief Judge.
Appellant challenges his judgment and sentence for two counts of armed robbery. *581 The State concedes that appellant’s conviction and sentence on Count III must be reversed because Counts II and III of the information contain identical language. Since the information was never amended, either orally or in writing, appellant has been improperly subjected to double jeopardy in being twice convicted for the same offense. See Bolds v. State, 723 So.2d 900 (Fla. 2d DCA 1999).
Appellant also argues that his conviction and sentence on Count II should be reversed because his conviction was based on the improper introduction of collateral crimes evidence regarding appellant’s participation in another crime. A review of the record reveals that appellant never objected to this testimony at trial. Therefore, any error is waived.
Accordingly, appellant’s conviction and sentence as to Count II is affirmed; his conviction as to Count III is reversed and his sentence vacated. The case is remanded for resentencing in the event that the vacation of appellant’s conviction and sentence as to Count III affects the permissible sentence on his remaining conviction.
Affirmed in part; reversed in part and remanded.
ALTENBERND and FULMER, JJ„ Concur.